**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MONTE M. PARHAM,<br>      Appellant,<br><br>         v.<br><br>DEPARTMENT OF HOMELAND<br>   SECURITY,<br>      Agency. | DOCKET NUMBERS<br>DA-0432-16-0254-C-2<br>DA-1221-15-0345-C-2<br><br><br>DATE:  July 6, 2026 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Monte M. Parham, Las Vegas, Nevada, pro se.

Linda M. Aragon, Esquire, and Shari Manasseh Ohri, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The agency has filed a petition for review of the compliance initial decision, which granted the appellant's petition for enforcement and ordered the agency to provide him with back pay.  For the reasons discussed below, we GRANT the agency's petition for review and VACATE the compliance initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision.  We REOPEN *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-B-1, DA-1221-15-0345-B-1, pursuant to 5 U.S.C. § 7701(e)(1)(B) and 5 C.F.R. § 1201.118, VACATE the remand initial decision issued in this joined matter, and REMAND the joined matter to the regional office for further adjudication consistent with this Remand Order.

## BACKGROUND

The above-captioned cases have a lengthy procedural history.  In pertinent part, on February 28, 2023, the administrative judge issued a remand initial decision dismissing the appellant's chapter 43 removal appeal and his individual right of action (IRA) appeal as settled.  *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-B-1, DA-1221-15-0345-B-1, Remand File (RF), Tab 31, Remand Initial Decision (RID) at 1, 4-5.  Although the appellant and the agency initially filed a petition for review and a cross petition for review, respectively, of the remand initial decision, they subsequently withdrew these filings.  *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-B-1, DA-1221-15-0345-B-1, Remand Petition for Review (RPFR) File, Tabs 1, 4-5, 7, 10-12, 16.  As a result, the February 28, 2023 remand initial decision became the Board's final decision.  RPFR File, Tab 16 at 1; *see* 5 C.F.R. § 1201.113.

Thereafter, on May 26, 2023, the appellant filed a petition for enforcement of the settlement agreement arguing that agency had failed to provide him with back pay.[2]  *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-C-2, DA-1221-15-0345-C-2, Refiled Compliance File (C-2 AF), Tab 1 at 5.  In response, the agency argued, among other things, that it

---

[2] The appellant had previously filed a petition of enforcement on March 22, 2023; however, the administrative judge dismissed this petition as premature because, at the time, the appellant's petition for review of the remand initial decision was pending before the Board.  *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-C-1, DA-1221-15-0345-C-1, Compliance File, Tabs 1, 10.

had complied with the terms of the parties' settlement agreement, which did not provide for back pay, and that there had been no finding regarding the merits of the appellant's removal that would trigger a right to back pay under the Back Pay Act or any other legal authority. C-2 AF, Tab 4 at 4-14.

On November 9, 2023, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and ordering the agency to provide him with back pay. C-2 AF, Tab 7, Compliance Initial Decision (CID) at 10. In pertinent part, the administrative judge found that the agency had materially breached the parties' settlement agreement and had failed to show good cause for its noncompliance. CID at 7-9. The administrative judge acknowledged that the agency had argued that the settlement agreement was invalid and should be set aside; however, she found that such arguments should have been raised "on petition for review of the decision dismissing the appeal as settled, and not in this enforcement matter." CID at 8-9.

The agency has filed a petition for review of the compliance initial decision. *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-C-2, DA-1221-15-0345-C-2, Refiled Compliance Petition for Review (RCPFR) File, Tab 1. The appellant has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency argues, in pertinent part, that the parties' settlement agreement is invalid and should be set aside. RCPFR File, Tab 1 at 16-18 & n.10. We agree, and, given the particular circumstances of this case, we find it appropriate to reopen *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-B-1, DA-1221-15-0345-B-1, vacate the remand initial decision dismissing these joined appeals as settled, and remand the matter to the regional office for adjudication of the merits of the appellant's IRA appeal and his chapter 43 removal appeal.

Arguments regarding the validity of a settlement agreement are properly raised in a petition for review of an initial decision dismissing an appeal as settled. *See Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013) (stating that an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled). Nevertheless, the Board has previously considered issues concerning the validity of a settlement agreement when, as here, they arise in the context of compliance proceedings. *E.g., Stipp v. Department of the Army*, 61 M.S.P.R. 415, 420 (1994).

Before dismissing a matter as settled, an administrative judge must decide, among other things, whether the parties understand the terms of the agreement. *See Fuentes v. Department of Health and Human Services*, 111 M.S.P.R. 246, ¶ 3 (2009). At the time the administrative judge dismissed the matter as settled, the terms of the agreement were unclear. To this end, the appellant had argued before the administrative judge on remand that he was entitled to "appropriate backpay" under the agreement, *e.g.*, RF, Tab 28 at 6; however, neither the settlement agreement nor the remand initial decision addressed the issue of back pay. Thus, we find that there was no meeting of the minds as to the terms of the agreement, and, therefore, there was not a valid settlement agreement.[3] *See*

_____

[3] As set forth in greater detail in the remand initial decision, following the Board's issuance of a July 20, 2022 Remand Order, the administrative judge provided the appellant with the option to either reinstate his appeals or elect to enforce the parties' 2016 settlement agreement. *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-1221-15-0345-W-1, DA-0432-16-0254-I-1, Remand Order (July 20, 2022) (Remand Order); RID at 2-3. We find that the latter option was not a valid option. To this end, the Remand Order found that the parties' 2016 agreement must be set aside based on mutual mistake of material fact. Remand Order, ¶ 5. The Board reasoned that, when an appellant "has obtained other benefits pursuant to [an] agreement, such as reinstatement, the Board has found it appropriate to offer the appellant a choice between reinstating his appeal or accepting the settlement agreement as is." *Id.*, ¶ 6 (citing *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶¶ 16-17 (2010)). The agency, however, had not reinstated the appellant to his position; in other words, the appellant had not received any benefit under the agreement. *See* RF, Tab 28 at 8.

*Gill v. Department of Veterans Affairs*, 85 M.S.P.R. 541, ¶ 6 (2000) (finding that the administrative judge erred in dismissing an appeal as settled when there was no meeting of the minds as to the specific terms of the agreement).

Accordingly, we reopen *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-B-1, DA-1221-15-0345-B-1, vacate the remand initial decision issued therein, and remand the joined matter for adjudication of the merits of the appellant's IRA appeal and his chapter 43 removal appeal. *See Panther v. Department of Agriculture*, 52 M.S.P.R. 419, 422 (1992) (stating that circumstances that cast doubt on the existence of a valid settlement may form a basis for reopening a closed appeal).

## ORDER

For the reasons discussed above, we remand *Parham v. Department of Homeland Security*, MSPB Docket Nos. DA-0432-16-0254-B-1, DA-1221-15-0345-B-1, to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:     _____

*Gina K. Grippando*

                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.